IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00728-CYC

ALPINE AMUSEMENT COMPANY, INC.,

    Plaintiff,

v.

741, INC., d/b/a Wisdom Rides of America,

    Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    The plaintiff seeks entry of a judgment against Jared Davis pursuant to a Consent Decree and Stipulated Confession of Judgment he signed personally as part of the settlement of this action. ECF No. 50. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

    The plaintiff brings this breach of contract action relating to the defendant's failure to manufacture an amusement ride known as a Sizzler. According to the complaint, the plaintiff paid a $118,000 deposit to the defendant and the defendant never delivered the ride. ECF No. 1 ¶¶ 7, 18.

    On July 18, 2024, then-Chief Magistrate Judge Hegarty held a case management conference at which the parties and Mr. Davis settled the issues in dispute. ECF No. 19 at 1. The Court ordered the parties to file a consent decree and confession of judgment by August 19, 2024. *Id*. Plaintiff filed a Notice of Unilateral Filing, ECF No. 21, attaching the unsigned

1

versions of the documents, and signed versions were later filed at ECF No. 24 (Consent Decree) and ECF No. 35-1 (Stipulated Confession of Judgment).

Mr. Davis signed the Consent Decree and the Stipulated Confession of Judgment on his own behalf and on behalf of the defendant. Among other things, the Consent Decree contained the following provisions:

> 4. [ ] The Court will retain jurisdiction of this case until the completion of all agreements identified herein.
>
> 5. Defendant, and Jared Davis in his personal capacity, will provide Plaintiff with a signed self-executing Confession of Judgment. If Defendant fails to meet the conditions in Paragraphs 8-10 below, Plaintiff may file with the Court the signed Confession of Judgment to convert the remaining terms of this settlement to be satisfied to a Judgment entered against Defendant and Jared Davis. Plaintiff may file the Confession of Judgment without notice to the Defendant.
>
> 6. Defendant shall deliver the Sizzler ride at issue in this matter in new and working condition, as previously ordered, on or before January 20, 2025. Plaintiff is responsible for the pick up or delivery of the Sizzler ride. Plaintiff will deposit into the Registry of the Court the remaining payment for the Sizzler ride in the amount of $277,000 on or before December 31, 2024 for the benefit of Defendant. Upon delivery of the Sizzler ride to Plaintiff, payment of $277,000 will be released to Defendant.
>
> 7. Defendant shall pay to Plaintiff the sum of $15,000 on or before September 5, 2024.
>
> 8. In the event the terms in paragraph 6 above are not satisfied, Defendant will pay to Plaintiff $100 per day until the terms are met. In the event that at the end of three months of such payments, or by April 20, 2025, that performance of the terms in paragraph 6 above have not been met, Plaintiff may enforce the terms in paragraph 5 above and will be entitled to a Judgment in the amount of $118,000.
>
> 9. In the event the term in paragraph 7 above is not met, Plaintiff may enforce paragraph 5 above and will be entitled to a Judgment in the amount of $133,000.
>
> 10. In the event Defendant declares bankruptcy on or before the conclusion of all of the terms outlined in this Consent Decree, Plaintiff may enforce the terms of paragraph 5 above, and will be entitled to a Judgment in the amount of $133,000, less any monies paid pursuant to paragraph 7 above.

ECF No. 24 at 2–3. The Consent Decree was entered by Judge Hegarty on August 29, 2024. ECF No. 24. The Stipulated Confession of Judgment makes clear that Mr. Davis "personally and on behalf of Defendant 741, Inc. d/b/a Wisdom Rides of America" agreed to the following:

> a. In the event Defendant fails to pay Plaintiff the sum of $15,000 on or before September 5, 2024, Plaintiff shall immediately be entitled to a judgment in the amount of $133,000; and
>
> b. In the event Defendant pays $15,000 to Plaintiff on or before September 5, 2024, but fails to fully and timely perform its obligations to build the Sizzler in accordance with Paragraph 6 of the Agreement and on or before April 20, 2025, Plaintiff shall immediately be entitled to a judgment in the amount of $118,000; and
>
> c. In the event Defendant declares bankruptcy on or before the conclusion of all terms set forth in the Agreement, Plaintiff shall immediately be entitled to a judgment in the amount of $133,000 less any monies paid by Defendant to Plaintiff pursuant to paragraph 7 of the Agreement.

ECF No. 35-1 at 2.

The plaintiff initially sought entry of judgment against both defendant 741, Inc. and Jared Davis, ECF No. 35, but given defendant's Chapter 11 bankruptcy filing, now only seeks entry of judgment against Jared Davis in the amount of $118,000; pre-judgment interest; post-judgment interest; a finding of contempt; and sanctions in the amount of the plaintiff's attorneys' fees and costs since the date of the Consent Decree. ECF No. 50.

## DISCUSSION

"A trial court retains jurisdiction to enforce consent decrees," and, thus, the Court has jurisdiction here. *Floyd v. Ortiz*, 300 F.3d 1223, 1226 (10th Cir. 2002); *see Namoko v. Milgard Mfg. Inc.*, 253 F. App'x 729, 732 (10th Cir. 2007) (teaching that the court that entered a consent decree "has sole jurisdiction to enforce the consent decree"). Moreover, this case was never dismissed and judgment has not entered. Instead, the Court administratively closed the case to allow the parties to give effect to their settlement agreement. ECF No. 25. After the defendant

3

did not meet the April 20, 2025 deadline to manufacture the Sizzler, ECF No. 35-1 at 2, the plaintiff moved to reopen the case, ECF No. 33, which was granted, ECF No. 41. As a result, the Court retains subject-matter jurisdiction over this matter.

As to personal jurisdiction, Mr. Davis has consented to the personal jurisdiction of the Court through signing the Consent Decree and Stipulated Confession of Judgment, which explicitly allowed the plaintiff to "file with the Court the signed confession of judgment to convert the terms of the Agreement remaining to be satisfied to a judgment entered against Defendant and Jared Davis." ECF No. 35-1 ¶ 5; *see Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964) ("[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether."); *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) ("[W]here a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter."); *cf. Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 203 F.3d 835, at *3 (10th Cir. Feb. 4, 2000) ("After its lengthy participation in this litigation, efforts to seek affirmative relief, and settlement of claims, [party] may not pull its personal jurisdiction defense out of the hat like a rabbit." (quotation marks omitted)) (unpublished table decision).

With such jurisdiction, the Court considers the plaintiff's request for entry of judgment pursuant to the Consent Decree. "The construction of a consent decree is essentially a matter of contract law." *United States v. Baroid Corp.*, 346 F. Supp. 2d 138, 142 (D.D.C. 2004) (quotation

marks omitted); *see Sinclair Oil Corp. v. Scherer*, 7 F.3d 191, 194 (10th Cir. 1993). In this case, principles of Colorado contract law are applicable. *See Sinclair Oil*, 7 F.3d at 194 (citing *Air Line Stewards & Stewardesses Ass'n v. Trans World Airlines Inc.*, 713 F.2d 319, 321 (7th Cir. 1983)); *cf. Choice Hotels Int'l, Inc. v. Papamkrupa Hosp., LLC*, 851 F. App'x 846, 847 (10th Cir. 2021) (teaching that when determining "whether the parties reached an enforceable settlement," the Court considers "the forum state's laws on contract formation").

The primary goal of contract interpretation is to give effect to the written expression of the parties' intent. *Ad Two, Inc. v. City & Cnty. of Denver*, 9 P.3d 373, 376 (Colo. 2000) (en banc). "The intent of the parties to a contract is to be determined primarily from the language of the instrument itself." *Id*. "Written contracts that are complete and free from ambiguity will be found to express the intention of the parties and will be enforced according to their plain language." *Id*. "Extraneous evidence is only admissible to prove intent where there is an ambiguity in the terms of the contract." *Id*. "Terms used in a contract are ambiguous when they are susceptible to more than one reasonable interpretation." *Id*. Absent such ambiguity, the Court will not look beyond the language of the Consent Decree itself. *Id*.

Paragraph 5 of the Consent Decree unambiguously states that the plaintiff is entitled to entry of a judgment against Jared Davis, personally, if the defendant fails to deliver the Sizzler ride as agreed:

> Defendant, and Jared Davis in his personal capacity, will provide Plaintiff with a signed self-executing Confession of Judgment. If Defendant fails to meet the conditions in Paragraphs 8-10 below, Plaintiff may file with the Court the signed Confession of Judgment to convert the remaining terms of this settlement to be satisfied to a Judgment entered against Defendant and Jared Davis. Plaintiff may file the Confession of Judgment without notice to the Defendant.

ECF No. 24 at 2–3. And if the Sizzler ride is not delivered and agreed payments are not made, Paragraph 8 of the Consent Decree empowers the plaintiff to "enforce the terms in paragraph 5

above" and entitles the plaintiff "to a Judgment in the amount of $118,000." *Id*. at 3. Paragraph 10 anticipates what eventually came to pass: "In the event Defendant declares bankruptcy on or before the conclusion of all of the terms outlined in this Consent Decree, Plaintiff may enforce the terms of paragraph 5 above, and will be entitled to a Judgment in the amount of $133,000, less any monies paid pursuant to paragraph 7 above." *Id*. The Stipulated Confession of Judgment also anticipated the possibility that the defendant might file for bankruptcy. In it, Jared Davis personally and on behalf of the defendant agreed that "[i]n the event Defendant declares bankruptcy on or before the conclusion of all terms set forth in the Agreement, Plaintiff shall immediately be entitled to a judgment in the amount of $133,000 less any monies paid by Defendant to Plaintiff pursuant to paragraph 7 of the Agreement." ECF No. 35-1 at 2.

  While the plaintiff does not offer direct evidence that the defendant failed to perform under the Consent Decree, the Court takes judicial notice of the Chapter 11 petition filed by the defendant in the United States Bankruptcy Court for the District of Colorado, which identified the plaintiff on Schedule E/F as an unsecured creditor. *See* Chapter 11 Voluntary Petition for Non-Individuals Filing for Bankruptcy at 18, *In re 741, Inc*., No. 25-15550-TBM (Bankr. D. Colo. Aug. 28, 2025), ECF No. 1. That petition, signed under penalty of perjury by Mr. Davis on behalf of the defendant, is evidence that the defendant did not fulfill its obligations under the Consent Decree. In addition, Mr. Davis's filings in this case indicate that the Sizzler was not delivered by the agreed-upon time. ECF No. 48 at 2

  Nevertheless, Mr. Davis says, had he timely delivered the ride, it would have been unsafe, excusing his noncompliance. *Id.* But "the terms of the decree and the respective obligations of the parties must be found within the four corners of the consent decree." *Sinclair Oil*, 7 F.3d at 194. Here, those four corners provide alternative options for Mr. Davis and the

6

defendant: one, provide the Sizzler to the plaintiff by the agreed date; or two, the plaintiff may seek the judgment it now requests against the defendant or, in the event of the defendant's bankruptcy, against Mr. Davis. Liberally construed, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Mr. Davis may be attempting to invoke Colorado's recognition of an impossibility of performance defense against a breach of contract claim. *See City of Littleton v. Emps. Fire Ins. Co.*, 453 P.2d 810, 812 (Colo. 1969). But the plaintiff is not asking for a finding of contract breach. Instead, the plaintiff merely invokes the option of judgment, which the parties agreed would be the alternative to delivery of the Sizzler. In short, the judgment is the relief to which Mr. Davis agreed, which is not excused by an impossibility argument.

Accordingly, under the plain language of the Consent Decree and the Stipulated Confession of Judgment, the plaintiff is entitled to a judgment against Mr. Davis as requested.

That is so notwithstanding that Mr. Davis is a nonbankrupt co-debtor of the plaintiff. "The general rule is that nonbankrupt co-debtors do not benefit from the bankruptcy stay." *E.I. Du Pont Nemours & Co. v. Fine Arts Reprod. Co., Inc.*, No. 93 CIV. 2462 (KMW), 1995 WL 312505, at *5 (S.D.N.Y. May 22, 1995). This is because "[b]y its terms, § 362 of the Bankruptcy Code automatically stays the commencement or continuation of a judicial proceeding against the *debtor* that was or could have been initiated before the filing of a bankruptcy petition." *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 496 (10th Cir. 2011) (emphasis added) (citing 11 U.S.C. § 362(a)(1)). But "[a]utomatic stay provisions generally do not extend to solvent co-parties." *Flying J Inc. v. Comdata Network, Inc.*, 322 F. App'x 610, 617 (10th Cir. 2009); *In re Peeples*, 553 B.R. 892, 899 (Bankr. D. Utah 2016) (explaining that "[t]his principle has been followed even when the action taken was against a former manager of the debtor who argued that 'the real party in interest is the Debtor,' and that the proceeding 'would adversely

7

affect the administration of the estate'" (citations omitted)), *remanded in part on other grounds*, 880 F.3d 1207 (10th Cir. 2018).

There is one narrow exception to this rule. "The automatic stay may apply to a non-debtor in special circumstances, such as where there is identity of interest between a debtor and a third party so that a judgment against a non-debtor would be binding on a debtor." *N.L.R.B. v. McDermott*, 300 B.R. 40, 43 n.7 (D. Colo. 2003); *see Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141–42 (10th Cir. 1994); *In re W. Real Est. Fund, Inc.*, 922 F.2d 592, 600 (10th Cir. 1990) ("Obviously, it is the debtor, who has invoked and submitted to the bankruptcy process, that is entitled to its protections; Congress did not intend to extend such benefits to third-party bystanders."). Typically, this arises in cases where liability is premised on the non-debtor entity being an alter ego of the debtor such that absent a claim against the debtor, there is no independent basis for the action against the principal. *See In re Expert South Tulsa, LLC*, 506 B.R. 298, 302 (Bankr. D. Kan. 2011); *see also A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999, 1008 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986) (granting non-debtor protection under sections 362(a)(1) & (a)(3) because of "unusual circumstances" in the relationship between non-debtor, debtor, and property of the estate). To extend the automatic stay to a non-debtor under this exception, the individual or entity seeking protection under the automatic stay must offer information demonstrating that special circumstances exist. *Gibson v. McClafferty*, No. 3:24-cv-0020, 2025 WL 2645998, at *4–7 (D.V.I. Sept. 15, 2025) ("The burden is squarely on Defendants here."). Mr. Davis has not. He personally guaranteed payment if the defendant did not deliver the Sizzler. He did so in his individual capacity, not exclusively on behalf of the defendant. Accordingly, there is no evidence that this exception applies and no request has been made to this Court to apply the automatic stay to the plaintiff's request for relief against Mr.

8

Davis. "Because nothing in the record suggests [defendant's co-debtor] would be entitled to this exception," the bankruptcy stay does not apply to the plaintiff's request for a judgment against Mr. Davis. *Flying J*, 322 F. App'x at 617.

Given that Mr. Davis agreed to entry of a judgment against him personally in the event that certain conditions were met, those conditions have been met, and the automatic stay does not apply to a nonbankrupt co-debtor of the plaintiff, the motion will be granted to the extent it seeks entry of a judgment against Mr. Davis in the amount of $118,000. *See* ECF No. 50 at 2.

That does not end the matter; the plaintiff seeks further relief. First, it requests a sanction of $13,744.40, its attorneys' fees and costs since the Consent Decree, pursuant to 18 U.S.C. § 401. ECF No. 50 at 3. To award sanctions under 18 U.S.C. § 401, the Court must find Mr. Davis in contempt of court. The Court is not inclined to do so. Furthermore, the Consent Decree explicitly states that "[e]ach party will bear its own attorney's fees and costs," ECF No. 24 at 1, and explicitly contemplated the possibility that the defendant might file for bankruptcy. So, it is fair to infer that the plaintiff was aware that it might incur attorney's fees and costs in enforcing the Consent Decree, but explicitly agreed to bear those costs. *See Alzado-Lotz v. Mut. Sec., Inc.*, No. 20-cv-02928-DDD-MEH, 2024 WL 3836003, at *3 (D. Colo. May 15, 2024) (declining to award prejudgment interest, attorney's fees, and costs). The same logic applies to the plaintiff's specific request to find Mr. Davis in contempt for failing to comply with the Consent Decree. The parties explicitly contemplated the potential for the defendant's bankruptcy. The fact that this came to fruition does not mean that Mr. Davis obstructed the administration of justice or resisted enforcement of the Consent Decree, and the plaintiff offers no evidence of any other basis for a finding of contempt. *See* 18 U.S.C. § 401. Accordingly, the Court denies the motion to the extent it requests sanctions or a finding of contempt under 18 U.S.C. § 401.

The plaintiff also seeks pre-judgment interest at a rate of 8% from November 12, 2021, the day the plaintiff sent the $118,000 deposit to the defendant, ECF No. 1 ¶ 6, to present. ECF No. 50 at 3. "A federal court sitting in diversity must apply state law to the issue of prejudgment interest." *Concealfab Corp. v. Sabre Indus., Inc.*, No. 15-cv-01793-CMA-KLM, 2020 WL 607070, at *2 (D. Colo. Feb. 7, 2020). "Under Colorado law, the right to prejudgment interest, independent of an agreement to pay it, is statutory." *Id*. (citing *S. Park Aggregates, Inc. v. Nw. Nat. Ins. Co. of Milwaukee, Wis*., 847 P.2d 218, 226 (Colo. App. 1992)). Under that statute, "[w]hen money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized *by the person withholding such money* or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant." Colo. Rev. Stat. § 5-12-201(1)(a) (emphasis added). The statue also sets an interest rate "of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs." Colo. Rev. Stat. § 5-12-201(1)(b). Here, the plaintiff sent the deposit to the defendant in November 2021, not Mr. Davis. This lawsuit is between the plaintiff and the defendant, not Mr. Davis. Mr. Davis is only involved in this matter personally to the extent he agreed to be personally liable in the event the defendant did not perform under the agreement. The plaintiff offers no argument or legal authority showing it is entitled to post-judgment interest against Mr. Davis for a deposit that has been withheld by the defendant. Accordingly, there is no apparent basis for granting pre-judgment interest.

Finally, the plaintiff requests post-judgment interest pursuant to 28 U.S.C. § 1961, beginning to accrue from the date of the Court's Order. ECF No. 50 at 3. "In federal money

judgments, 28 U.S.C. § 1961 governs the rate at which interest accrues." *Sovereign Bank v. REMI Cap., Inc.*, 49 F.4th 360, 365 (3d Cir. 2022) (applying 28 U.S.C. § 1961 in consent judgment context). Under that statute, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). If parties wish to "override the general rule on merger and specify a post-judgment interest rate, they must express such intent through clear, unambiguous and unequivocal language." *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005) (quotation marks omitted). Here, they did not do so. As a result, the plaintiff is entitled to post-judgment interest against Mr. Davis from the date judgment enters pursuant to 28 U.S.C. § 1961.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that the plaintiff's Motion for Entry of Judgment as to Jared Davis Only, in Light of Recent Bankruptcy Filing by 741, Inc. d/b/a Wisdom Rides of America, ECF No. 50, is **GRANTED in part** and **DENIED in part**.

It is further ORDERED:

1. The Clerk of Court is directed to enter **JUDGMENT** in favor of plaintiff Alpine Amusement Company, Inc. and against Jared Davis in the amount of $118,000.

2. Post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961.

3. Each party shall bear its own attorney's fees and costs.

Given that the plaintiff's claims against defendant 741, Inc. d/b/a Wisdom Rides of America are subject to an automatic stay pursuant to 11 U.S.C. § 362, it is further ORDERED that the motions filed at ECF Nos. 35, 37, and 47, are **DENIED without prejudice**.

In addition, given the indefinite timing of the bankruptcy process, administrative closure pursuant to D.C.COLO.LCivR 41.2 is appropriate. Accordingly, it is further ORDERED that this case is **ADMINISTRATIVELY CLOSED**, subject to reopening for good cause.

DATED this 8th day of October, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge